**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN EARL EASLEY,
    Petitioner,

                                                                      Case No. 07-13369
v.                                                                Honorable Patrick J. Duggan

STATE OF MICHIGAN, et. al.,[1]
    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**
At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 27, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner John Earl Easley ("petitioner"), presently confined at the Jackson County Jail in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his state court conviction for resisting and obstructing a police officer and several unspecified misdemeanor convictions. For the reasons stated below, the petition for writ of habeas corpus is dismissed without prejudice.

On May 23, 2007, petitioner was convicted of the above offenses following a jury

---

[1] In most cases, the Court would order the petitioner to amend the case caption to reflect the proper respondent: the warden of the jail where the petitioner is incarcerated. *See* Rule 2 of the Rules Governing Section 2254 Cases. However, because the Court is dismissing the petition, it will not require an amendment in this case.

1

trial in the Jackson County Circuit Court. According to his habeas application, petitioner filed a direct appeal with the Michigan Court of Appeals which remains pending. In addition, a review of the Michigan Court of Appeals' Internet website[2] shows that petitioner's appeal remains pending. *See* http://courtofappeals.mijud.net/resources; *People v. Easley*, No. 278832 (Mich. Ct. App.).

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process.[3] *Id.*, 526 U.S. at 845, 19 S. Ct. at 1732. This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before they can raise them in a federal habeas corpus petition. *See Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003) (citing *Dombkowski v. Johnson*, 488 F. 2d 68, 70 (6th Cir. 1973)); *Hafley v. Sowders*, 902

---

[2]This Court is permitted to take judicial notice of public records available from reliable sources on the Internet. *See, e.g., United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (citing *Grimes v. Navigant Consulting, Inc.*, 185 F. Supp. 2d. 906, 913 (N.D. Ill. 2002) and *Cali v. E. Coast Aviation Servs. Ltd.*, 178 F. Supp. 2d 276, 287 (E.D.N.Y. 2001)).

[3]The Court further notes that the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal basis for the claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims also must be presented to the state courts as a federal constitutional issue. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

F.2d 480, 483 (6th Cir. 1990). A federal court may *sua sponte* raise a petitioner's failure to exhaust his or her state court remedies. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Because petitioner's direct appeal to the Michigan Court of Appeals remains pending, he has not yet exhausted his state court remedies. Moreover, if petitioner receives an adverse decision from the Michigan Court of Appeals, he must seek leave to appeal from the Michigan Supreme Court and await that court's decision in order to satisfy the exhaustion requirement. Petitioner has one year from the date his state court judgment becomes final by the conclusion of direct review to re-file an application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1)(A). If, after exhausting his state court remedies, petitioner re-files an application for a writ of habeas corpus, he must name the warden of the jail where he is then incarcerated as the respondent. *See* fn. 1 *supra*.

For the above reasons, the Court concludes that petitioner's habeas petition must be dismissed. Accordingly,

**IT IS ORDERED**, that petitioner's application for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copy to:
John Earl Easley, #1661
Jackson County Jail
212 W. Wesley Street
Jackson, MI 49201